UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **KENNETH DUROSSEAU** <br> La. DOC #21140 <br> VS. <br><br> **WARDEN TIM WILKINSON** | **CIVIL ACTION NO. 07-1517** <br><br> **SECTION P** <br><br> **JUDGE MELANÇON** <br><br> **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Before the Court is a petition for *habeas corpus* filed by pro se petitioner, Kenneth Durosseau, pursuant to 28 U.S.C. § 2254 on September 12, 2007. Petitioner is currently confined at the Winn Corrections Center in Winnfield, Louisiana. He challenges his 1992 conviction for forcible rape entered in the 13th Judicial District Court for Evangeline Parish, Louisiana for which he is serving a forty year sentence.

LAW AND ANALYSIS

This court's records demonstrate that petitioner filed at least three previous federal petitions for writ of *habeas corpus* in which he attacked this same conviction.[1] [Court Exhibit 1, *in globo*, *Durosseau v. Warden Louisiana State Penitentiary*, No. 6:93-cv-1512; *Durosseau v. Warden O. Kent Andrew*, No. 6:01-cv-2226; *Kenneth Durosseau v. Warden Tim Wilkerson*, No. 6:03-cv-1678.

---

[1] Another petition was consolidated with a previously filed petition. *See Durosseau v. Warden Louisiana State Penitentiary*, No. 6:93-cv-1639 c/w *Durosseau v. Warden Louisiana State Penitentiary*, No. 6:93-cv-1512.

The first such petition was denied with on the merits on May 4, 1995 by District Judge Shaw, following an answer by the State and a Report and Recommendation by the Magistrate Judge.[2] The second petition, filed on October 26, 2001, was denied and dismissed with prejudice as barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).[3] The third petition, filed on September 5, 2003, was transferred to the United States Fifth Circuit Court of Appeals because the petition constituted a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.[4] On October 23, 2003, the Fifth Circuit denied petitioner's Motion for Authorization to file his second or successive § 2254 petition in this court. *See In re: Kenneth Durosseau*, 03-30910 (5th Cir. 2003).

In the instant petition filed on September 12, 2007, petitioner asserts the following claims for relief: (1) racial discrimination in the selection of the grand jury foreperson of the grand jury that indicted him; (2) insufficient evidence to support his conviction because there was no DNA evidence; and (3) that he is actual innocent of the crime, apparently contending the crime was committed by his elder brother Clarence Durosseau.

---

[2] Durosseau asserted that he had been improperly denied bail pending appeal of his conviction and that he received ineffective assistance of appellate counsel.  The former claim was dismissed with prejudice while the latter claim was dismissed without prejudice.

[3] Durosseau raised four claims challenging the alleged lack of probable cause for his grand jury indictment.

[4] Durosseau claimed that his conviction was unconstitutional because the state knowingly and intentionally offered false testimony at trial. Specifically, petitioner claimed that one of the investigating officers, Officer John N. Ardoin of the Basile Police Department, testified falsely concerning the issue of the victim's initial identification of her assailant.

The instant petition is Durosseau's fourth federal *habeas corpus* petition filed in this court, as such, it is a clearly a "second or successive" petition under 28 U.S.C. § 2244. AEDPA does not define what constitutes a "second or successive" petition. However, decisions of the United States Fifth Circuit Court of Appeals provide guidance in determining when a § 2254 petition should be considered second or successive for purposes of  § 2244(b)(3).  A prisoner's petition is not second or successive simply because it follows an earlier federal petition.  *In Re Cain,* 137 F.3d 234, 235 (5th Cir. 1998). Rather, a later petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.*  Thus, the provision has been described as "modified *res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000).  Such claims are deemed second or successive. *Id.*  The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised."  *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner  received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is "second or successive." The claims raised herein either were or could have been raised in the three earlier petitions. Moreover, petitioner's first and second prior petitions were adjudicated on the merits[5], and were denied and dismissed by this court. Hence, the instant petition is unquestionably "second or successive".

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the

---

[5] Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (dismissal of a *habeas* petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations ... operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."); *Lee v. Cain,* 2007 WL 2446123 (W.D.La. 2007); *Barrow v. Cain,* 2007 WL 1035023, *2 (W.D.La. 2007); *Middleton v. Cain,* 2007 WL 2081003, *2 (W.D.La. 2007); *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D.Tex. 2005); *Cate v. Ayers,* 2001 WL 1729214, at *3-4 (E.D.Cal.2001) (stating that "[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim" and "operates as a final judgment on the merits" thus, holding that a petition for federal *habeas corpus* relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely); *United States v. Casas,* 2001 WL 1002511, at *2 (N.D.Ill.2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA."); *United States v. Harris*, 2002 WL 31859440, *3 (E.D.Pa. 2002) ("the term 'second or successive petition'...whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."). *See also Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995) citing *United States v. Oppenheimer,* 242 U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes."); *In re Marino,* 181 F.3d 1142, 1144 (9th Cir.1999) (same). Hence, Durosseau's second petition was unquestionably second and successive.

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The record does not show that petitioner has received such authorization. To the contrary, authorization to proceed in this court has been expressly denied by the Fifth Circuit on at least one prior occasion. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

In *In Re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. *Epps* implies that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under § 2244 is proper. Accordingly, the court finds that this petition should be transferred to the Fifth Circuit for consideration under §2244. Accordingly,

The instant second and successive petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by Kenneth Durosseau is hereby **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for determination as to whether authorization to file a second or successive petition in accordance with 28 U.S.C. § 2244(b)(3)(A) should be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party

5

may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)** days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Lafayette, Louisiana, on September 27, 2007.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE